CHARLYS GARCIA PERRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perry v. Commissioner
Docket No. 24159-89.
United States Tax Court
T.C. Memo 1992-258; 1992 Tax Ct. Memo LEXIS 279; 63 T.C.M. (CCH) 2924; May 5, 1992, Filed *279 An appropriate order will be entered under Rule 155. Charlys Garcia Perry, pro se. Derek Matta, for respondent. HAMBLEN
HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1986 in the amount of $ 12,742. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. The sole issue for decision is whether Charlys Perry qualifies for relief from liability for the deficiency as an innocent spouse under section 6013(e). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Charlys Perry, resided in Georgetown, Texas, at the time she filed her petition in this case. Petitioner was married to Donald L. Perry (Mr. Perry) during the taxable year 1986. Petitioner and Mr. Perry filed a joint Federal income tax return for the taxable year 1986. After approximately 3 years of marriage, petitioner and Mr. Perry separated in February of 1987 and were divorced on November 12, 1987. As of the date of trial, respondent *280 was unable to locate Mr. Perry. Moreover, respondent searched her records, using Mr. Perry's Social Security number, and could not find any record indicating that Mr. Perry ever filed a tax return after 1986. During 1986 petitioner worked as a receptionist in a medical office and sold household insurance on a part-time basis. Mr. Perry operated a carpentry business which was reported on a Schedule C attached to petitioner's 1986 return. The deficiency in petitioner's 1986 income tax arose primarily from deductions denied on the Schedule C and the self-employment tax related thereto. Respondent denied the following deductions based on the failure to establish that the expenses were ordinary and necessary business expenses or based on the lack of substatiation: $ 5,570 of car and truck expenses, $ 3,138 of depreciation, $ 1,240 for utilities and telephone, and $ 25,620 for wage expenses. Respondent also disallowed a credit for child care in the amount of $ 551 and a miscellaneous deduction claimed for employment agency expenses in the amount of $ 1,089. Subsequently, respondent conceded that petitioner was entitled to the child care credit in full and $ 656 for the employment *281 agency expenses. Petitioner and Mr. Perry employed a tax return preparer for the taxable years 1984 and 1985, but petitioner personally prepared the 1986 return. For use in preparing the 1986 return, petitioner maintained a file box of her canceled checks, bank statements, and her personal receipts for child care expenses, insurance expenses, and her employee fees. On April 15, 1987, petitioner and Mr. Perry met to prepare their 1986 joint return. At that time, Mr. Perry provided petitioner with a list of figures relating to his carpentry business. Petitioner determined gross receipts and expenses for Mr. Perry's carpentry business based on the list prepared by Mr. Perry. Petitioner questioned Mr. Perry about the figures and he assured petitioner that the figures were correct and that he had receipts to verify the amounts. At the close of the meeting, Mr. Perry took the file box with petitioner's receipts and informed petitioner that he would put his business receipts in the box and return the box to petitioner. Pursuant to petitioner and Mr. Perry's divorce decree, Mr. Perry was to return all the receipts in his possession to petitioner. However, Mr. Perry never returned *282 the box. Moreover, after petitioner received notice of the 1986 audit, once again she requested that Mr. Perry return the box of receipts. Mr. Perry claimed the receipts were destroyed in a fire at his home. This claim was disputed by the fire department. Petitioner and Mr. Perry never discussed Mr. Perry's carpentry business, nor how much income the business was generating. Petitioner never participated in the business and had no access to the business books and records. Petitioner was responsible for paying all of the household bills and the note on the truck which Mr. Perry used for his carpentry business, but Mr. Perry maintained a separate bank account for the carpentry business. Petitioner had no bookkeeping or business experience. OPINION A husband and wife who file a joint return are jointly and severally liable for the tax due. Sec. 6013(d)(3). However, a taxpayer who qualifies as an innocent spouse under section 6013(e) is relieved of such liability. As the Fifth Circuit explained in : Section 6013(e) is a remedial statute. Its sole purpose is to remedy, in certain circumstances, *283 the inequities which sometimes result from the imposition of joint liability. To effectuate that purpose, its provisions should be construed and applied liberally in favor of those whom the statute was designed to benefit. [Citations omitted.]
To qualify for relief from joint and several liability under section 6013(e), a taxpayer must prove the following: (1) A joint return has been made for the tax year; (2) there is substantial understatement of tax attributable to grossly erroneous items of the other spouse on the return; (3) the innocent spouse establishes that in signing the return she did not know or have reason to know of the substantial understatement; and (4) under all the facts and circumstances, it would be inequitable to hold the innocent spouse liable for the deficiency in tax resulting from the substantial understatement. All four statutory requirements must be met for the taxpayer to be afforded relief. See . Petitioner bears the burden of establishing that each element has been satisfied. . Respondent contends that *284 petitioner has not established that the deductions claimed by Mr. Perry on the Schedule C and disallowed by respondent were grossly erroneous items as defined by section 6013(e)(2). A spouse seeking innocent spouse relief must show that a substantial understatement of tax is attributable to grossly erroneous items of the other spouse. Sec. 6013(e)(1)(B). A substantial understatement means any understatement which exceeds $ 500. Sec. 6013(e)(3). Petitioner clearly satisfies this requirement as the understatement in this case exceeds $ 12,000. For purposes of section 6013(e), a grossly erroneous item is defined as "any item of gross income attributable to such spouse which is omitted from gross income" and "any claim of a deduction, credit, or basis by such spouse in any amount for which there is no basis in fact or law." Sec. 6013(e)(2); . In Douglas, we explained: a deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal *285 principles or when no substantial legal argument can be made to support its deductibility. Ordinarily, a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or * * * phony. [; fn. ref. omitted.]
As a general rule, inability to substantiate deductions that are disallowed will not, without more, prove a lack of basis in fact or law. See . Under the peculiar facts of this case, however, we find, based upon the conduct of Mr. Perry, that the Schedule C information was phony. We were impressed by the honesty and sincerity of petitioner, especially concerning her spousal relationship and the representations made to her by Mr. Perry. His absconding with the records, coupled with his Houdini-like disappearance, leads us to believe that the information that he gave to petitioner for the Schedule C part of the return had no basis in fact. We deem this confirmed by his obvious prevarication that the records were destroyed by fire, which was inconsistent with the findings of the fire department. We conclude that the deductions had no factual basis. Pursuant *286 to section 6013(e)(1)(C), petitioner must show that she did not have actual knowledge of the understatement of tax and that the understatement was not of such a character that a reasonably prudent person, considering her experience and temperament, would have known of the understatement. ; see . At the time of signing the return, petitioner did not have knowledge of the understatement. Moreover, petitioner acted reasonably in preparing the return. Petitioner asked Mr. Perry to come to her home for the purpose of preparing their 1986 tax return. She asked Mr. Perry to bring his business receipts. Instead, Mr. Perry only brought a list of figures relating to his business expenses. Petitioner questioned Mr. Perry regarding the figures, and he assured her that the figures were correct and that he would provide her with receipts at a later date. Mr. Perry never produced the receipts. However, at the time of preparing the return petitioner had no reason to doubt either the amount of expenditures, Mr. Perry's promise to deliver receipts, or his verity *287 concerning his carpentry business. See . Similarly, we find no evidence of unusual or lavish expenditures or any marked increase in the general standard of living of the Perry family. We find on these facts that the third condition required by statute has been met. Finally, petitioner must show that it would be inequitable to hold her liable for the tax liability. See sec. 6013(e)(1)(D). We find she has met this condition as well. Petitioner and Mr. Perry were divorced in November 1987. See . Petitioner did not benefit from Mr. Perry's substantial understatement of tax. She did not lead a lavish or unusual life style. The meager sum of money that she received from Mr. Perry to pay monthly bills amounted to normal support and in no way constituted extravagant expenditures. It would be more than inequitable to hold petitioner liable for her miscreant husband's tax liability; it would be a profound miscarriage of justice. We feel that the statute was intended to cover severe situations such as this one. Accordingly, we determine that petitioner qualifies *288 as an innocent spouse under section 6013(e) and is relieved of the tax liability relating to Mr. Perry's carpentry business. To reflect the foregoing, Decision will be entered under Rule 155.